IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY L. MCLEMORE,**

    **Plaintiff,**

    v.                                                                    CASE NO. 24-3039-JWL

**JODI GRISHAM, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas. Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. 2).

Plaintiff raises claims against three officers with the Salina Police Department. Plaintiff alleges that he was a passenger in a vehicle that was stopped by police on October 30, 2022, due to a traffic/taillight infraction. (Doc. 1, at 5.) Plaintiff alleges that Officer Grisham approached the passenger side of the vehicle, and because the window was inoperable, she opened the door and removed a steak knife from the inside of the door. *Id*. When Officer Grisham requested Plaintiff's identification, he refused. *Id*. Plaintiff then told Grisham that Plaintiff was going to be leaving on foot. *Id*. Officer Grisham told Plaintiff to stay where he was, and she proceeded with the traffic stop of the driver. *Id*. at 5–6. Plaintiff alleges that two more officers arrived—Officer Villaneuva and Officer Geese. *Id*. at 6.

Grisham returned to the passenger side of the vehicle and told Plaintiff that he had outstanding warrants. *Id*. Plaintiff got out of the truck, and as the three officers were putting handcuffs on Plaintiff, he "broke free and a tussle ensued." *Id*. Plaintiff alleges that Officer Geese received a small gash above his eye, and when Plaintiff saw the injury Plaintiff raised his hands

and was taken down.  *Id*.  Plaintiff alleges that Grisham sat on Plaintiff's head while he received several knees to the back while his legs were held.  *Id*.  Plaintiff was cuffed and taken into custody, and EMS arrived to treat Officer Geese.  *Id*.  Plaintiff alleges that his request for medical attention was denied.  *Id*. at 6–7.  Plaintiff acknowledges that he was charged with assault on a law enforcement officer and pleaded no contest to the charge.  *Id*. at 7.

Plaintiff's factual allegations in this case are the same, except for the name of one of the officers involved, as those Plaintiff asserted in *McLemore v. Gawith*, Case No. 23-3216 (D. Kan.).  In that case he alleged that Officer Gawith approached the passenger side of the truck and she ordered Plaintiff to stay put.  He claimed that Officers Villanueva and Geese arrived on the scene, where Plaintiff was arrested for outstanding warrants.  *Id*. at Doc. 5 (finding that Plaintiff failed to state a plausible claim based on his conclusory allegation that no probable cause existed and he failed to demonstrate that the use of force was unreasonable).  Case No. 23-3216 was "dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted."[1]  *Id*. at Doc. 6.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]  Accordingly,

---

[1]  The Court notes that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

[2] *See McLemore v. Peterson*, Case No. 23-3220-JWL, Doc. 6 (D. Kan. Nov. 14, 2023) (dismissing for failure to state a claim); *McLemore v. Gawith*, Case No. 23-3216-JWL, Doc. 6 (D. Kan. Nov. 30, 2023) (dismissing for failure to state a claim); and *McLemore v. Hett*, Case No. 23-3248-JWL, Doc. 7 (D. Kan. Feb. 5, 2024) (dismissing for failure to state a claim).

he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 12, 2024,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated March 19, 2024, in Kansas City, Kansas.**

        **S/ John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**